STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-CR-00240-FMO-2 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ATTILA RAVASZ |
| v. | |
| DAN-EUGEN BOAR,<br>  aka "Rajko Balazs,"<br>  aka "Petr Kucera,"<br>ATTILA RAVASZ,<br>ANDREI-RAUL CIRILESCU,<br>  aka "Jan Sitov," and<br>RADU-MARIAN MOLDOVAN, | |
| Defendants. | |

1.   This constitutes the plea agreement between ATTILA RAVASZ ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

1

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the indictment, which charges defendant with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Not bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

i) Not move to withdraw defendant's guilty plea.

j) Not file a notice of appeal, unless the term of imprisonment imposed exceeds ten years.

k) Support the government's request that defendant's supervised release include the following suspicionless search conditions:

> Defendant shall submit defendant's person and any property, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause. If stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search with or without cause.

3. Defendant further agrees to:

a) Immediately and irrevocably forfeit to the United States of America any and all interests of defendant to the following items (collectively referred to herein as the "Forfeitable Property"), which Forfeitable Property defendant and the defendant entities, and each of them, agree (1) constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1344 and 1349; and (2) shall, at the sole election of the United States of America, be criminally forfeited or civilly forfeited, administratively or judicially, pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, 28 U.S.C. § 2461 or otherwise:

i) the sum of $19,951 in currency, and the digital devices, ATM skimming tools, and access devices seized from a vacation rental home in Los Angeles on May 4, 2022.

b) Hereby withdraw, on behalf of defendant any claim or petition for remission defendant submitted to Federal Bureau of Investigation or any other federal agency in the administrative forfeiture proceedings commenced by that agency with respect to the

Forfeitable Property. Defendant waives defendant's rights, if any, to any further notice relative to the administrative forfeiture proceedings and understand, acknowledge and agree that defendant and the defendant entities' interests in the Forfeitable Property shall be administratively forfeited to the United States of America without any further notice.

        c)   Refrain from contesting or seeking remission with respect to the Forfeitable Property (by filing a claim, statement of interest, petition for an ancillary proceeding, petition for remission or otherwise, whether on defendant's own behalf or on behalf of anyone else) of the Forfeitable Property in any administrative or judicial proceeding, or assisting any other person or entity in falsely contesting the forfeiture of the Forfeitable Property in any administrative or judicial proceeding.

        d)   Take all steps necessary to pass to the United States of America clear title to the Forfeitable Property, including, without limitation, the execution of consent judgments of forfeiture, consent directives and the completion of any other legal documents required for the transfer of title to the Forfeitable Property to the United States of America.

        e)   The Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the Forfeitable Property. Defendant knowingly and voluntarily waives (i) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment; (ii) all constitutional and statutory challenges in any manner (including by

direct appeal, habeas corpus or any other means) to any forfeiture carried out in accordance with this agreement on any grounds; and (iii) all constitutional, legal and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. Defendant also acknowledges and understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.

    f) Forfeiture of the Forfeitable Property not being counted toward satisfaction of any (i) special assessment, fine, restitution, or any other penalty the Court may impose; or (ii) taxes, penalties, or interest owed to the Internal Revenue Service.

    g) Truthfully disclose to law enforcement officials, at a date and time to be set by the USAO, the location of, ownership interest in, and all other information known to defendant about, all monies, properties, and/or other assets of any kind, in addition to the Forfeitable Property, derived from or acquired as a result of, or used to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items.

    h) Fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

THE USAO'S OBLIGATIONS

4. The USAO agrees to:

    a) Not contest facts agreed to in this agreement.

    b) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant understands, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, the following must be true: First, during the time period alleged in the indictment there was an agreement between two or more persons to commit bank fraud; Second, defendant became a member of the conspiracy knowing of its object and intending to help accomplish it. The elements of bank fraud, in turn, are as follows: First, defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises; Second, defendant knew that the statements or promises were false; Third, the statements or promises were material, that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; Fourth, the defendant acted with the intent to defraud; and Fifth, the financial institution was federally insured.

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1349, 1344, is: 30 years imprisonment; a five-year period of supervised release; a fine of $1,000,000, or twice the gross gain or loss, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and defendant' counsel have discussed the fact that, and defendant understands that, because defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including defendant's attorney or the Court, can predict to an absolute certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is automatic removal from the United States.

10. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any

losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.

## FACTUAL BASIS

11.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

> Beginning in or before 2021, and continuing through May 4, 2022, there was an agreement between two or more persons to commit bank fraud.  Defendant became a member of that conspiracy knowing of its object and intending to help accomplish it.  In furtherance of the conspiracy, in late April, 2022, defendant arrived in the U.S. and joined his co-conspirators. Members of the conspiracy installed "skimming" devices in ATMs that recorded the account information of later users of those ATMs, and then copied that account information onto counterfeit cards.  Acting with the intent to defraud, defendant and his co-conspirators used those counterfeit cards to make ATM withdrawals from the victims' accounts.  On May 4, 2022, defendant and his co-conspirators possessed at least 1,400 names, account numbers, and PINs that they knew belonged to real persons, in order to commit bank fraud.  The $19,951 in cash, and the digital devices, ATM skimming tools, and access devices seized from the house in which defendant and his co-conspirators were staying on May 4, 2022, were obtained using proceeds from these ATM withdrawals using other persons' account information.  As a result of this conspiracy,

federally-insured financial institutions including Wells Fargo, Bank of America, Kinecta Federal Credit Union, JP Morgan Chase, Navy Federal Credit Union, Capital One, and US Bank sustained actual losses.

## SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:      7   U.S.S.G. § 2B1.1(a)(1)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.  Defendant understands that there is no agreement as to defendant's criminal history score or category.

15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to be represented by counsel – and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### LIMITED WAIVER OF DISCOVERY

17. In exchange for the government's obligations under this agreement, defendant gives up any right defendant may have had to review any additional discovery.

### ABANDONMENT OF DIGITAL DEVICES

18. Defendant abandons all right, title, and interest defendant had in any of the digital devices seized by law enforcement officials in this case, which defendant admits are instrumentalities of defendant's offense.

### WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20. Defendant agrees that, provided the Court imposes a term of imprisonment of no more than ten years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $1,000,000; and (f) the conditions of probation or supervised release imposed by the Court.

21. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22. The USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will still be bound by defendant's obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

27. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are

not error, although each party agrees to maintain its view that the calculations in the plea agreement are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

STEPHANIE S. CHRISTENSEN
United States Attorney

*Andrew Brown*                                         August 22, 2022
ANDREW BROWN                                           Date
Assistant United States Attorney

*/s/*                                                  06 SEPTEMBER 2022
ATTILA RAVASZ                                          Date
Defendant

*/s/*                                                  9/6/22
IAN WALLACH                                            Date
Attorney for Defendant
ATTILA RAVASZ

### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. Further, I have had this agreement read to me in it its entirely in Romanian, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am

satisfied with the representation of my attorney in t[his matter].
I am pleading guilty because I am guilty of the char[ges and wish to]
take advantage of the promises set forth in this agreem[ent, and not]
for any other reason.

_____          06 SEPTEMBER 2022
ATTILA RAVASZ                            Date
Defendant

CERTIFICATION OF INTERPRETER

I am fluent in the written and spoken English and Romanian. I accurately translated this entire agreement from English into Romanian to defendant on this date.

_____          August 25, 2022
INTERPRETER (Print name & Sign)          Date
Christian Hoble, Romanian Interpreter

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ATTILA RAVASZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's

satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*DUPLICATE PAGE TO SHOW TEXT
OBSCURED ON PRIOR PAGE*

_____     _____
ATTILA RAVASZ                                           Date
Defendant

### CERTIFICATION OF INTERPRETER

I am fluent in the written and spoken English and Romanian. I accurately translated this entire agreement from English into Romanian to defendant on this date.

_____     _____
INTERPRETER (Print name & Sign)                         Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ATTILA RAVASZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's

decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_/s/ Ian Wallach_           9/6/22
IAN WALLACH                   Date
Attorney for Defendant
ATTILA RAVASZ